IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

1) JANET L. MANIER,
    Plaintiff,

vs.

2) THE AMERICAN NATIONAL RED CROSS, and
3) SOUTHWEST BLOOD SERVICES REGION OF THE AMERICAN RED CROSS

    Defendants.

Case No.

**FILED**
JUN 29 2010
Phil Lombardi, Clerk
U.S. DISTRICT COURT

**10 CV - 419 JHP   PJC**

Attorney Lien Claimed
Jury Trial Demanded

## COMPLAINT

COMES NOW the Plaintiff, Janet L. Manier, through her attorneys of record, Daniel E. Smolen, Donald E. Smolen, and Lauren G. Lambright of SMOLEN, SMOLEN & ROYTMAN, PLLC, and brings this action against the Defendants, the American National Red Cross ("ANRC") and Southwest Blood Services Region of the American Red Cross, an entity related to the Red Cross, for violations of her constitutionally protected rights arising out of her employment and interference with employment by said Defendants.

## JURISDICTION

1.    This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights act of 1964, as amended 42 U.S.C §2000e et seq. ("Title VII"), providing for relief from a hostile work environment on the basis of gender as well as relief from retaliation for engaging in protected activity.

2.    Plaintiff, a resident of the State of Oklahoma, filed a charge of discrimination against the defendant with the Equal Employment Opportunity Commission ("EEOC") complaining of a sexually hostile work environment and retaliation. A Notice of Right to



Sue was received by Plaintiff on or about April 2, 2010, and this Complaint has been filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, Plaintiff has complied fully with all prerequisites in this Court under Title VII.

3. Jurisdiction of the Court is proper under § 706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3). In addition, jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343 (Civil Rights), and 28 U.S.C. § 1337 (Acts of Congress regulating commerce).

4. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

5. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e 5(g).

6. Punitive damages are sought pursuant to *Burke*, 25 O.S. §§1101, 1302

## VENUE

7. This action lies properly in the Northern District of Oklahoma pursuant to 28 U.S.C §1391(b) as the unlawful employment practices complained of herein occurred within the Northern District of Oklahoma and because the Defendants conduct regular business in the Northern District of Oklahoma.

## PARTIES

8. Plaintiff is a citizen of the United States of America and a resident of the state of Oklahoma.

9. Defendant, The American National Red Cross, is a federally chartered instrumentality of the United States and is a body corporate and politic in the District of Columbia established pursuant to 36 U.S.C. §§ 300101 *et seq*. It conducts regular business in the state of Oklahoma and regularly employs more than fifteen (15) people.

10.     Defendant, Southwest Blood Services Region of the American Red Cross (SBS), is an entity related to the Red Cross. It conducts regular business in the state of Oklahoma and regularly employs more than fifteen (15) people.

## FACTS COMMON TO ALL CLAIMS

11.     Plaintiff, Janet L. Manier, incorporates as if realleged Paragraphs 1-10.

12.     The Plaintiff is a female.

13.     The Plaintiff became an employee of ANRC and SBS on or about May 27, 2007 in the position of a tele-recruitment agent.

14.     The Plaintiff worked for the defendants for nearly two years.

15.     During her employment with the Defendants, the Plaintiff was subjected to inappropriate sexual conduct and harassment due to her gender. The plaintiff's male coworker, Danny Green, would commonly discuss sexual behavior and acts including sexual positions, oral sex, and gave instructions on how to perform oral sex. Mr. Green would also commonly pull up websites with sexually graphic content, including lewd and graphic pictures that the plaintiff found extremely offensive. Mr. Green would commonly show these websites to the plaintiff and other coworkers.

16.     Mr. Green sent the plaintiff a graphic and offensive picture of a penis. The plaintiff complained to her supervisor, Barbara McCarthy, about the email and the other sexually offensive incidents.

17.     After the plaintiff complained to her supervisor, McCarthy began retaliating against her. McCarthy began scrutinizing the plaintiff's every move, calling the plaintiff into her office to reprimand and scold her over incidents that she would not reprimand the

plaintiff's coworkers for. McCarthy began disciplining the plaintiff more harshly as well until McCarthy terminated the plaintiff.

18. The termination occurred just two-weeks after the plaintiff engaged in protected activity by complaining about Mr. Green's actions.

19. Throughout the plaintiff's employment, until she reported the sexually hostile environment, she received above average performance reviews and was normally the top performer in her group.

20. Mr. Green received no discipline whatsoever after the plaintiff complained while the plaintiff's employment was terminated.

## FIRST CLAIM FOR RELIEF:
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

21. Plaintiff, Janet L. Manier, incorporates as if realleged Paragraphs 1-20.

22. By continually subjecting the Plaintiff to a hostile work environment based on her gender and failing to properly ensure a non-hostile work environment, Defendants have violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendants for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendants' management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF:
## RETALIATION IN VIOLATION OF TITLE VII

23. Plaintiff, Janet L. Manier, incorporates as if realleged Paragraphs 1-22.

24. By disciplining and scrutinizing the plaintiff more harshly than her coworkers and ultimately terminating Plaintiff's employment in retaliation for her participation in protected activity as defined under Title VII, the Defendants have violated 42 U.S.C. §2000e-3(a).

WHEREFORE, Plaintiff prays for judgment against the Defendants for:

a. Back pay and lost benefits; front pay until normal retirement .
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendants' management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

### THIRD CLAIM FOR RELIEF: SEXUALLY HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE OADA (25 O.S. §§1101, 1302)

25. Plaintiff, Janet L. Manier, incorporates as if realleged Paragraphs 1-24.

26. The discrimination committed by the Defendants is contrary to Oklahoma's anti-discrimination statute pursuant to the *Burke* public policy tort. Plaintiff is suited to recover damages for emotional distress and punitive damages based upon the wanton and willful conduct of Defendants.

27. By continually subjecting the Plaintiff to a hostile work environment based on her gender and failing to properly ensure a non-hostile work environment, the Defendants have violated Oklahoma's anti-discrimination statutes 25 O.S. §§ 1101, 1302.

WHEREFORE, Plaintiff prays for judgment against the Defendants for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendants' management and executives;
d. Her attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF:
## RETALIATION IN VIOLATION OF THE OADA (25 O.S. §§1101, 1302)

28. Plaintiff, Janet L. Manier, incorporates as if realleged Paragraphs 1-27.

29. The retaliation committed by the Defendants is contrary to Oklahoma's anti-discrimination statute pursuant to the *Burke* public policy tort. Plaintiff is suited to recover damages for emotional distress and punitive damages based upon the wanton and willful conduct of Defendants.

30. By retaliating against the plaintiff for engaging in protected activity, the Defendants have violated Oklahoma's anti-discrimination statutes 25 O.S. §§ 1101, 1302.

WHEREFORE, Plaintiff prays for judgment against the Defendants for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendants' management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## FIFTH CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. Plaintiff, Janet L. Manier, incorporates as if realleged Paragraphs 1-29.

31. The Defendants' actions of intentional and malicious discrimination are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against the Defendants for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination

committed by the Defendants' management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

WHEREFORE, Plaintiff prays for judgment against the Defendants for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendants' management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

Respectfully submitted,

Daniel E. Smolen, OBA# 19943
Donald E. Smolen, II, OBA# 19944
Lauren G. Lambright, OBA# 22300
SMOLEN, SMOLEN & ROYTMAN, PLLC
701 South Cincinnati Avenue
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
E-mail: danielsmolen@ssrok.com
*Attorneys for Plaintiff*